UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

NOV 0 8 2016

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

MELISSA N. UNFRED,                )
Plaintiff                         )
                                  )
v.                                )   Civil Case No. 15-cv-689 (RCL)
                                  )
SHEHORN FUNERAL HOMES, LLC,       )
d/b/a LAKE SHORE FUNERAL HOME     )
Defendant                         )

## MEMORANDUM OPINION

### I.   INTRODUCTION

On August 21, 2015, this case was referred to Magistrate Judge Pamela Mathy to rule on all pretrial motions, pursuant to 28 U.S.C. § 636(b). ECF No. 36. On November 3, 2015 Judge Mathy submitted a Report and Recommendation, ECF No. 37, regarding defendant's Motion for Summary Judgment, ECF No. 26, and plaintiff's Motion for Reconsideration, ECF No. 29. Before this Court is the Report and Recommendation, plaintiff's written objections, ECF No. 38, and defendant's response to those objections, ECF No. 39. After consideration of these submissions, and in light of the entire record and the applicable law, this Court concludes that defendant's motion for summary judgment should be granted, and plaintiff's motion for reconsideration should be denied. For the reasons set forth below, the Court accepts the analysis in the Report and Recommendation.

### II.   BACKGROUND

Plaintiff Melissa Unfred was employed as a funeral director and embalmer by Shehorn Funeral Homes from December 30, 2012 to August 15, 2014. Unfred was a licensed funeral director and

embalmer in the State of Texas. She attended Amarillo College for two years, obtaining an associate's degree in mortuary science. Depo. of Melissa Unfred 9, ECF No. 18-1. To be a licensed funeral director and embalmer in Texas, Unfred was required to complete—in addition to her degree—an apprenticeship that included at least 120 cases of embalming and/or funeral directing under the instruction of a licensed funeral director. Tex. Occ. Code § 651.253(a) (amended September 1, 2015).

Unfred claims that she was never compensated for hours worked in excess of a 40 hour workweek. Instead, defendant "paid plaintiff's overtime by using the fluctuating work week method of calculating overtime." Pl.'s Am. Compl. 3, ECF No. 11. She claims that her work weeks never fluctuated above and below 40 days. Rather, they "were always at or above 40 hours per week." *Id.* Further, Unfred claimed that her pay was not fixed, and that she did not meet the requirements to be paid on a fluctuating work week in the first place. *Id.*

On August 1, 2014, Unfred "objected to the use of the fluctuating work week method to calculate her overtime pay, both in writing and verbally, to defendant's manager, Brent Shehorn, and his wife Carri Shehorn." *Id.* at 4. Unfred and the Shehorns met on August 7, 2014 to discuss objections outlined in the August 1 letter. On August 10, 2014, Mr. Shehorn suspended Unfred for one week and ordered her to prepare a 1,000 to 1,500 word essay describing the behavior that led to the suspension and proper work etiquette. This action was filed on August 14, 2014, during Unfred's suspension. She was terminated on August 15, 2014.

In the original complaint, Unfred alleges violations of the Fair Labor Standards Act of 1938 ("FLSA"). Specifically, Unfred alleged two causes of action under the FLSA: 1) that defendant failed to pay overtime for hours worked in excess of 40 hours in a workweek, and 2) that defendants discriminated/retaliated against her for objecting to potential violations of FLSA by

suspending her without pay. Pl.'s Orig. Compl. 4-5, ECF No. 1. In her amended complaint, Unfred further alleged that "[d]efendant's termination of plaintiff was discrimination against plaintiff because plaintiff objected to the policy or practice of calculating and paying plaintiff's overtime based on the fluctuating work week method." Pl.'s Am. Compl. 5. Unfred seeks unpaid overtime pay, liquidated damages, pay lost from the suspension, compensatory damages for retaliation under the FLSA, and attorney's fees. *Id.* at 4-5.

On April 10, 2015, Unfred filed a motion for partial summary judgment seeking summary judgment on several issues. Pl.'s MSJ 1-2, ECF No. 17. Specifically, Unfred sought summary judgment that:

> (1) During the period of December 30, 2012, to August 15, 2014, an employee-employer relationship existed between plaintiff and defendant;
>
> (2) During the period of December 30, 2012, to August 15, 2014, plaintiff engaged in activities as an employee of defendant which were within the coverage of the FLSA;
>
> (3) Plaintiff was not subject to the learned professional exemption during her employment with defendant;
>
> (4) Plaintiff was paid her regular hourly rate for all hours worked up to 40 hours per workweek during the period of December 30, 2012, to August 15, 2014;
>
> (5) Defendant did not pay plaintiff time and one-half for plaintiff's overtime hours worked during the period of December 30, 2012, to August 15, 2014, but paid her only 50% of her regular hourly rate for all overtime hours worked;
>
> (6) Defendant violated the Fair Labor Standards Act by failing to pay plaintiff time and one-half for plaintiff's overtime hours worked during the period of December 30, 2012, to August 15, 2014;
>
> (7) The unpaid straight-time pay owed by defendant to plaintiff is $15,383.43.

*Id.*

Defendant did not contest the first, second, fourth, and fifth issues, but disputed the third, sixth, and seventh issues. Def.'s Resp. to MSJ 2, ECF No. 18. Specifically, defendant argued that genuine issues of material fact existed as to whether Unfred was an exempt learned professional, and

3

whether defendant was entitled to use the fluctuating workweek method. *Id.* at 4. The central issue was whether Unfred could be considered a learned professional when she had not completed four academic years of pre-professional and professional study to receive her funeral directors license or embalming license. Plaintiff relied on a federal regulation promulgated by the Department of Labor which states that:

> Licensed funeral directors and embalmers who are licensed by and working in a state that requires successful completion of four academic years of pre-professional and professional study, including graduation from a college of mortuary science accredited by the American Board of Funeral Service Education, generally meet the duties requirements for the learned professional exemption

29 C.F.R. § 541.309(e)(9). In addition, Unfred cited an interpretation of this regulation found in the Department of Labor Wage and Hour Division Field Operation Handbook:

> Funeral Directors and embalmers.
> Some licensed funeral directors and embalmers may meet the duties requirements for the learned professional exemption. In order to meet the duties requirements of this exception, licensed funeral directors and embalmers must be licensed by and working in a state that requires successful completion of four academic years of pre-professional and professional study, including graduation from a college of mortuary science accredited by the American Board of Funeral Service Education. Some employees with the job title "funeral director" or "embalmer" have not completed the four years of post-secondary education required by 29 C.F.R. § 541.301(e)(9) and are not, therefore, exempt as learned professionals.

U.S. Dep't of Labor, Wage-Hour Field Operations Handbook, Ch. 22, at 22i18, p. 71 (2010). Unfred argued that these provisions precluded a finding that she was a learned professional.

Judge Smith disagreed and partially granted summary judgment, determining that Unfred was a learned professional and exempt from the FLSA's overtime requirements. ECF No. 23. The Court held that the Handbook "is not used as a device for establishing interpretative policy," and is not binding. *Id.* at 10 (quoting the Department of Labor's own guidance on the Handbook, *available at* http://www.dol.gov/whd/FOH). Thus, while 29 C.F.R. § 541.301(e)(9) states that

4

funeral directors or embalmers with a four-year degree *generally* qualify as a learned professional, a four-year bachelor's degree is not *required* by federal mandate. *Id.* Instead, the Court followed the analysis from two cases, a Sixth Circuit case—*Rutlin v. Prime Succession, Inc.*, 220 F.3d 737 (6th Cir. 2000)—and a Western District of New York case—*Rowe v. Olthof Funeral Home, Inc.*, No. 10-CV-6220T, 2011 WL 4899970 (W.D.N.Y. Oct. 13, 2011). *Id.* at 11–12.

Judge Smith found that the licensing schemes in *Rutlin* and *Rowe*—Michigan and New York, respectively—were similar to those in Texas. The court concluded that licensed funeral directors and embalmers in Texas must have advanced, specialized knowledge in order to perform their duties. Applying the primary duties test[1] set out in 29 C.F.R. § 541.301(a), Judge Smith found that Unfred, as a licensed funeral director and embalmer in Texas, was a learned professional under the FLSA. Specifically, Judge Smith found that Unfred "performs work requiring advanced knowledge in a field of science or learning that is customarily acquired by a prolonged course of specialized intellectual instruction." *Id.* at 14. Because plaintiff "need not attain a four-year bachelor's degree to meet the C.F.R.'s requirements," Judge Smith denied plaintiff's summary judgment and held that Unfred was a learned professional. *Id.* at 16. Accordingly, Judge Smith held that she was exempt from FLSA's overtime protections, and refused to hold that the defendant violated the FLSA by failing to pay time and one-half for overtime hours worked from December 30, 2012 to August 15, 2014. *Id.*

On July 24, 2015, defendant filed its motion for summary judgment. ECF No. 26. Defendant now seeks summary judgment on two issues: 1) that defendant did not violate the FLSA's overtime compensation requirement because Unfred was an exempt learned professional, and 2) that Unfred

---

[1] Under the primary duties test, a court must determine 1) whether the work required advanced knowledge, 2) whether the advanced knowledge was in a field of science or learned, and 3) whether the advanced knowledge was acquired by prolonged course of specialized intellectual instruction. 29 C.F.R. § 541.301(a).

cannot establish causation in her retaliation claim. *Id.* at 2-3. On the first issue, defendant cites Judge Smith's June 15 order holding that Unfred was a learned professional as a matter of law. On the second issue, defendant argues that, while Unfred may be able to establish a *prima facie* case for retaliation, defendant has established a legitimate, nondiscriminatory reason for her suspension and/or termination. Thus, defendant argues, under the burden-shifting framework set forth in *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 800-05 (1973), Unfred must further establish that the alleged retaliation "would not have occurred 'but-for' plaintiff's protected activity." *Id.* at 13 (quoting *Little v. Tech. Specialty Prods. LLC*, No. 4:11–cv–7172013, WL 5755333, (E.D. Tex. Oct. 23, 2013)); *see also Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 580 (5th Cir. 2004). Defendant supplied six exhibits consisting of the sworn affidavits or deposition statements from co-workers and others associated with the funeral home business. *Id.* at 13-15.

On August 7, 2015, Unfred filed a response, along with her own motion to reconsider Judge Smith's order denying plaintiff's motion for summary judgment. ECF No. 26. She again argues that this Court should give deference to regulations enacted by the Secretary of Labor that a two-year course of study is insufficient to meet the "prolonged course of specialized instruction" requirement under the learned professional exemption. *Id.* at 12. In addition to the arguments made previously, plaintiff quoted a lengthy excerpt from the Federal Register that was not considered by Judge Smith.[2] *Id.* Essentially, Unfred argues that the Secretary of Labor has interpreted the regulation to preclude funeral directors or embalmers in Texas from being exempt learned professionals. *Id.*

---

[2] Plaintiff's response directly quoted 69 Fed. Reg. 22155-22156. However, plaintiff previously relied on the FOH Handbook, which cites this excerpt along with 29 C.F.R. § 541.309(e)(9), for the proposition that some funeral directors or embalmers who have not completed four years post-secondary education are not exempt as learned professionals. Therefore, while the quote is new, plaintiff's argument here is the same as before Judge Smith.

6

Unfred further argues that genuine issues of material fact exist as to her discrimination claim because, while she had never been counseled or disciplined for her behavior before she complained about the fluctuating workweek method, she was suspended days after the meeting. *Id.* at 15-18. Unfred claims that once she engaged in a protected activity—complaining about potential violations of the FLSA in the August 1 letter—"defendant ramped up it [sic] disciplinary machine" by reprimanding Unfred for "vague and undated allegations that plaintiff had shown poor attitude and lack of respect to fellow employees." *Id.* at 18. The heart of Unfred's claim is that "a reasonable juror could certainly believe that the defendant knew that plaintiff could not comply with the order . . . and that, no matter what plaintiff did, she was going to be terminated for requesting that she be paid in accordance with the FLSA." *Id.* at 19.

On August 12, 2015, this case was transferred to Chief Judge Fred Biery. On August 21, 2015, the case was referred to Magistrate Judge Pamela Mathy. Her Report and Recommendation was filed November 3, 2015. ECF No. 37. Regarding defendant's motion for summary judgment, Judge Mathy found that defendant had met its burden to show that no genuine issue of material fact exists as to whether plaintiff is exempt from FLSA overtime requirements because, as a matter of law, plaintiff is a learned professional. *Id.* at 24-25. Judge Mathy also found that there was no genuine issue of material fact as to whether plaintiff had established a *prima facie* case of discrimination because plaintiff was exempt from the FLSA overtime requirements. *Id.* at 26. Finally, Judge Mathy also found that, even assuming plaintiff established a *prima facie* case, "plaintiff cannot meet her burden to 'demonstrate that the adverse employment action would not have occurred 'but-for' plaintiff's protected activity.'" *Id.* Regarding plaintiff's motion for reconsideration, Judge Mathy found that Judge Smith appropriately considered the applicable regulations and guidance

from the Department of Labor in deciding that 29 C.F.R. § 541.301 did not preclude Unfred from falling under the learned professional exemption. *Id.* at 27.[3]

Judge Mathy made the following recommendations:

- it is **recommended** that defendant's motion for summary judgment and plaintiff's motion for reconsideration each be **DENIED**.
- it is **ordered** that all matters referred having been addressed, this case is **returned** to the District Judge.

If the recommendations in this report are accepted, none of plaintiff's claims will remain pending and the Court can direct the District Clerk to enter a final judgment.

On November 16, 2015, Unfred objected to Judge Mathy's recommendations, arguing that her intent was to recommend that defendant's motion for summary judgment be granted, and plaintiff's motion for reconsideration be denied. Pl.'s Obj. 2, ECF No. 38. Plaintiff objected to these recommendations because "defendant has not shown—and the magistrate's report does not support a finding—that the Secretary of Labor's interpretation of a regulation crafted by the Secretary is plainly erroneous or inconsistent with the regulation." *Id.* Pointing to 29 C.F.R. § 541.301(e)(9) and the Handbook, plaintiff argues that the Department of Labor requires four academic years of pre-professional and professional study for funeral directors or embalmers to fall under the learned professional exemption. Again, according to Unfred, "the Secretary's

---

[3] Judge Mathy was unsure whether the motion was governed by Rule 59 (Motion to Alter or Amend Judgment) or Rule 60 (Motion for Relief from Judgment or Order). However, Judge Mathy considered plaintiff's arguments—essentially re-hashing the arguments made to Judge Smith—in her analysis of defendant's motion for summary judgment. There, Judge Mathy concluded that there was no reason to depart from Judge Smith's application of the learned professional exemption because 1) Unfred did not present any authority to warrant deferring to the agency's interpretation of a seemingly unambiguous regulation, and 2) plaintiff did not present any authority as to why language not codified in the Code of Federal Regulations, such as the Handbook, is entitled to deference.

interpretation must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Id.* at 6 (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994)).

In short, plaintiff again argues that this Court must give controlling weight to the Secretary's interpretation of the learned professional exemption as expressed in the Handbook. Thus, Unfred's sole substantive objection appears to be that the magistrate incorrectly adopted the previous holding that Unfred was exempt. *See id.* at 3, ¶ 9 ("If plaintiff is a learned professional under the definitions and interpretations of the Secretary of Labor, the magistrate's recommendations should be upheld. **However, if plaintiff is not a learned professional, then plaintiff's motion for reconsideration should be granted.**") (emphasis added).

Defendant filed its response on November 30, 2015, arguing that plaintiff's objections merely rehash the arguments made to Judge Smith and the Magistrate. Defendant argues that such general objections are not entitled to *de novo* review, and that this Court should adopt the recommendations to grant defendant's motion for summary judgment and deny plaintiff's motion for reconsideration. Def.'s Resp. to Pl.'s Obj., ECF No. 39.

### III.    LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 4 of Appendix C to the Local Rules of the United States District Court for the Western District of Texas, a party may serve and file specific, written objections to the proposed findings and recommendations of the Magistrate Judge within fourteen days after being served with a copy of the Report and Recommendation, and thereby secure *de novo* review by the district court. Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review as to the unobjectionable portions. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified

proposed findings and recommendations to which objection is made."). Similarly, there is no requirement for *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Generally, the FLSA requires employees to compensate their employees for overtime worked in excess of 40 hours per workweek. 29 U.S.C. § 207(a). However, this requirement does not apply to employees employed in a bona fide executive, administrative, or professional capacity. 29 U.S.C. § 213(a)(1). An exempt professional employee is one whose primary duty requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. 29 C.F.R. § 541.300. The decision of whether an employee is exempt is primarily a question of fact; but the ultimate decision whether the employee is exempt is a question of law. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 331 (5th Cir. 2001). Exemptions are to be narrowly construed, and the employer bears the burden of proving that the employee is exempt from the FLSA. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

To apply the learned professional exemption, the employer must satisfy the primary duties test. The primary duties test includes three elements: 1) whether the work required advanced knowledge, 2) whether the advanced knowledge was in a field of science or learned, and 3) whether the advanced knowledge was acquired by prolonged course of specialized intellectual instruction. 29 C.F.R. § 541.301(a). The Department of Labor's regulations state that funeral directors and embalmers who are licensed by, and work in, a state that required four academic years of pre-professional and professional study "generally meet the duties requirements for the learned professional exemption." 29 C.F.R. § 541.301(e)(9).

IV. ANALYSIS

10

As a preliminary matter, this Court sees two objections to the Report and Recommendation. First, plaintiff and defendant both agree that Judge Mathy's recommendation "that defendant's motion for summary judgment and plaintiff's motion for reconsideration each be denied" was an error, and that Judge Mathy intended to recommend that plaintiff's motion for reconsideration be denied and defendant's motion for summary judgment be granted. R. & R. 27. Second, plaintiff objects to Judge Mathy's finding that Unfred was exempt as a matter of law. Plaintiff did not object to the finding that plaintiff had not established a *prima facie* case of discrimination or causation, or Judge Mathy's rejection of the motion for reconsideration.

As to the first objection, this Court agrees with the parties. Therefore, this Court proceeds with the understanding that Judge Mathy's report recommended that defendant's motion for summary judgment be granted, and that plaintiff's motion for reconsideration be denied. The Court first addresses the defendant's motion for summary judgment. Because plaintiff has timely filed objections to the magistrate's recommendations that the motion be granted on the basis that the defendant failed to show Secretary of Labor's interpretation is not erroneous or inconsistent with the regulation, the Court reviews *de novo*.

### a. Defendant's Motion for Summary Judgment

Defendant seeks summary judgment on two issues: 1) that defendant did not violate the FLSA's overtime compensation requirement because Unfred was an exempt learned professional, and 2) that Unfred cannot establish causation in her retaliation claim. Judge Mathy found that Unfred was exempt as a matter of law and that plaintiff had not established a *prima facie* case of discrimination or but-for causation.

#### i. Defendant did not violate the FLSA's overtime compensation requirement because Unfred was an exempt learned professional.

Based on the record, this Court finds that the defendant did not violate the FLSA's overtime compensation requirement, and that defendant is entitled to judgment as a matter of law. Judge Smith previously ruled here that Unfred was a learned professional exempt under the FLSA. ECF No. 23. Based on the evidence presented by defendant, Judge Smith held that Unfred "performs work requiring advanced knowledge in a field of science or learning that is customarily acquired by a prolonged course of specialized intellectual instruction." *Id.* at 14. He rejected plaintiff's argument that a funeral director and embalmer must have a four-year degree to be exempt from the FLSA's overtime requirement. Magistrate Judge Mathy similarly found that defendant had presented summary judgment evidence that plaintiff's work required advanced knowledge in a field of science or learning, satisfying the requirements of 29 C.F.R. § 541.301. This Court agrees.

The plain language of 29 C.F.R. § 541.301 does not mandate four years of pre-professional and professional study. Rather, the regulation states that licensed funeral directors and embalmers who complete four academic years of pre-professional and professional study "*generally* meet the duties requirements for the learned professional exemption." 29 C.F.R. § 541.301(e)(9) (emphasis added). Indeed, under the primary duties test, the advanced knowledge need only be *customarily* acquired by a prolonged course of specialized intellectual instruction. While "[t]he best prima facie evidence that an employee meets this requirement is possession of the appropriate academic degree . . . the word 'customarily' means that the exemption is also available to employees in such professions who have substantially the same knowledge level and perform substantially the same work as the degreed employees, but who attained the advanced knowledge through a combination of work experience and intellectual instruction." 29 C.F.R. § 541.301(d). Plaintiff here is not precluded from qualifying as a learned professional simply because she was not required to—and did not—obtain a four-year degree. This analysis is supported by the Department of Labor's

regulations, as well as the case law cited by Judge Smith—*Rutlin v. Prime Succession, Inc.*, 220 F.3d 737 (6th Cir. 2000) and *Rowe v. Olthof Funeral Home, Inc.*, No. 10-CV-6220T, 2011 WL 4899970 (W.D.N.Y. Oct. 13, 2011). As the magistrate noted, plaintiff "presents no explanation why the Court should arrive at a conclusion different from that of Judge Smith," other than language quoted from the Federal Register. R. & R. 24.

Plaintiff insists that 69 Fed. Reg. 22155-22156 makes it clear that the Department of Labor has interpreted 29 C.F.R. § 541.301(e)(9) to require four years of post-secondary education. But the language, read in its entirety, does no such thing. The Department notes that, in the past, it has taken the position that licensed funeral directors and embalmers are not exempt learned professionals. As an example, the Department recounts that it took this position as amicus curiae in *Rutlin*. However, the Department clearly recognizes that courts have disagreed: "After carefully weighing the comments and case law, the Department concludes that some licensed funeral directors and embalmers may meet the duties requirements for the learned professional exemption." 69 Fed. Reg. 22155. In promulgating the final rule at 29 C.F.R. § 541.301(e)(9), the Department recognized that some circuits have held that licensed funeral directors who have not completed four years of post-secondary education are might still be learned professionals. Yet the final rule codified at 29 C.F.R. § 541.301(e)(9) only clarifies that license schemes that require four years of study *generally* meet the standard. While the comment language insists that there is a minimum requirement—licensing schemes that only require a high school education "cannot qualify as exempt learned professionals"—the final rule is "consistent with the case law" that four years of study are not required. *Id.* This Court, therefore, is unpersuaded by plaintiff's argument that the quoted excerpt requires a departure from *Rutlin* or *Rowe*. It does not. Further, to the extent that the Department of Labor has interpreted 29 C.F.R. § 541.301(e)(9) to *require* a four-year

13

degree, that interpretation is inconsistent with the plain language of the regulation and the accompanying case law.

As stated in the Report and Recommendation, plaintiff failed to raise an ambiguity in the FLSA (or the C.F.R.) that would require a court to defer to the Department's interpretation. Plaintiff also failed to raise any authority that the Federal Register excerpt, which is not codified in the Code of Federal Regulations, was entitled to deference in the first place. *See Langbecker v. Electronic Data Systems Corp.*, 476 F.3d 299, 311 n.22 (5th Cir. 2007) (suggesting no deference is owed to comments on regulations that are not parts of the regulation themselves). This Court, as did Judge Smith and the magistrate, defers to the final rule published in the C.F.R. and the applicable case law. Further, this Court finds that two rounds of argument on the issue of the learned professional exemption were sufficient; without more specific or substantive objections, this Court refuses to undermine previous decisions made in this case. Accordingly, this Court finds that plaintiff's objections regarding the learned professional exemption are without merit. The Court **ADOPTS** Judge Mathy's findings that plaintiff is a learned professional.

Because plaintiff was a learned professional, she was not entitled to overtime compensation under the FLSA. Thus, there is no genuine issue of material fact as to plaintiff's first cause of action, and defendant is entitled to summary judgment as a matter of law.

### ii. Plaintiff waived her objections to the magistrate's findings concerning her discrimination/retaliation claims.

In her objections, Unfred stated that "[i]f plaintiff is a learned professional under the definitions and interpretations of the Secretary of Labor, the magistrate's recommendations should be upheld." Pl.'s Obj. 3, ¶ 9. Further, plaintiff has made no objections concerning the discrimination/retaliation claims. Because plaintiff has raised no objections outside the context of

the learned professional exemption, this Court **ADOPTS** Judge Mathy's findings that defendant has met its burden to show that no genuine issue of material fact exists as to plaintiff's second cause of action for discrimination under the FLSA. Because plaintiff cannot meet her burden to demonstrate that her suspension or termination would not have occurred but-for some protected activity, defendant is entitled to summary judgment as a matter of law.

### b. Plaintiff's Motion for Reconsideration

Judge Mathy evaluated and rejected Unfred's arguments to reconsider Judge Smith's June 15 order under the same analysis used to grant defendant's motion for summary judgment. In sum, the magistrate was unpersuaded that this Court was required to depart from Judge Smith's analysis concerning the learned professional exemption. As noted, plaintiff has not filed a specific objection outside the context of the learned professional exemption. "If plaintiff is a learned professional under the definitions and interpretations of the Secretary of Labor, the magistrate's recommendations should be upheld." Pl.'s Obj. 3, ¶ 9. Based on the record, and for the same reasons discussed above, this Court finds that plaintiff is a learned professional under the definitions and interpretations of the Secretary of Labor. Accordingly, this Court **ADOPTS** Judge Mathy's findings that the motion for reconsideration should be denied.

### V. CONCLUSION

In sum, this Court finds that plaintiff's objections to the Report and Recommendation are without merit. Therefore, this Court accepts Judge Mathy's recommendations that defendant's motion for summary judgment be granted, and plaintiff's motion for reconsideration be denied.

A separate order shall issue.

DATE: 11/7/16

Royce C. Lamberth
United States District Judge